IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LARRY H. HILLS,

    Plaintiff,

v.

CAROLYN V. COLVIN, Acting Commissioner of the Social Security Administration,

    Defendant.

Case No. 6:14-cv-01614-CL
**OPINION AND ORDER**

MCSHANE, Judge:

    Magistrate Judge Mark D. Clarke filed a Findings and Recommendation (ECF No. 23), and the matter is now before this Court. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Plaintiff filed objections to the report. Accordingly, I have reviewed the record of this case *de novo*. *See* 28 U.S.C. § 636(b)(1)(c); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Judge Clarke's report is adopted in part. This case is remanded for further proceedings.

## DISCUSSION

    The Commissioner objects to two aspects of Judge Clarke's Findings and Recommendation. First, the Commissioner objects to Judge Clarke's ruling that the ALJ erred in failing to identify specific and legitimate or clear and convincing reasons to reject Dr. Cochran's opinion. Second, the Commissioner argues that even if the ALJ erred in this manner, the proper remedy in this case is to remand for further proceedings. I analyze each issue in turn.

1 – OPINION AND ORDER

I. **Dr. Cochran's Opinion**

I disagree with the Commissioner's objections to Judge Clarke's ruling that the ALJ failed to identify specific and legitimate or clear and convincing reasons to reject Dr. Cochran's opinion.

An ALJ may not reject the opinion of a physician that is contradicted by another physician without providing specific and legitimate reasons supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). A non-examining physician's opinion "cannot by itself constitute substantial evidence that justified the rejection of the opinion of either an examining physician or a treating physician." *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995), *as amended* (Apr. 9, 1996). When an ALJ's interpretation of the evidence is rational, this Court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation." *Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005), *citing Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

Dr. Cochran conducted six hours of interviews and tests upon Plaintiff. During this time, Dr. Cochran administered the Test of Memory Malingering, the Wechsler Adult Intelligence Scale-Revised, the Minnesota Multiphasic Personality Inventory-2, the Neurobehavioral Cognitive Screening Examination, and the Millon Clinical Multiaxial Inventory-II. Dr. Cochran's medical opinion was also consistent with the opinions of Mr. Wade and Ms. Thiel. I agree with Judge Clarke that "the determination to accept Dr. Deitlein and reject Dr. Cochran is not supported by specific and legitimate reasons supported by substantial evidence." Findings and Recommendation, 20, ECF No. 23.

## II. Remand for Further Proceedings

The Commissioner next argues that, even if the ALJ did err in his evaluation of Dr. Cochran's opinion, the proper remedy in this case is to remand for further proceedings, rather than remand for award of benefits. I agree.

A district court has authority to reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing, *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014), *citing* 42 U.S.C §405(g), but "except in rare circumstances" the proper course is to remand to the agency for additional investigation or explanation. *Id.* (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S. Ct. 1598, 84 L. Ed. 2d 643 (1985)).

Before a case can be remanded with instructions to award benefits, three requirements must be met: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). In the Ninth Circuit, the credit-as-true doctrine is "settled" and binding on this Court. *Id.* at 999. The credit-as-true doctrine envisions "some flexibility." *Connet v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003). Ordinarily, if all three elements are satisfied, a district court must remand for a calculation of awards and benefits. *Garrison,* 759 F.3d 1020. When, however, "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled," the district court retains the "flexibility" to remand for further proceedings even when these elements are satisfied. *Id.* at 1021; *See also Burrell v. Colvin*, 77 F.3d 1133, 1141 (9th Cir. 2014) (remanding for further

proceedings without analyzing whether the three factors are met "because, even assuming that they are, we conclude that the record as a whole creates serious doubt as to whether Claimant is, in fact, disabled.").

I need not determine whether the three preliminary requirements have or have not been satisfied, as the record in this case, while supporting a finding of disability, also contains serious doubts as to whether Plaintiff is, in fact, disabled. *See Burrell v. Colvin*, 775 F.3d 113, 1141–42 (9th Cir. 2014) ("Viewing the record as a whole, we conclude that Claimant may be disabled. But, because the record also contains cause for serious doubt, we remand with instructions that the district court remand to the ALJ for further proceedings on an open record."). Dr. Dietlein, Plaintiff's examining physician, opined that Plaintiff can understand and remember simple and complex instructions. Contrarily, Ms. Thiel, Plaintiff's case manager and therapist, stated he is unable to work due to problems with memory, completing tasks, concentration, and following instructions. This direct contradiction between two credited sources creates doubt. Moreover, the ALJ determined Plaintiff's credibility was undermined solely due to his previous criminal history, and the ALJ failed to provide any explanation as to why that history inherently detracts from Plaintiff's credibility. Finally, Plaintiff delivers marijuana to a young woman on a weekly basis, and he rides a bus in order to make that delivery. The probative value that should be assigned to Plaintiff's ability to ride a bus and follow a bus route is unclear as it relates to Plaintiff's memory and cognitive functioning, but nonetheless creates further doubt as to whether Plaintiff is, in fact, disabled.

/ / /

/ / /

/ / /

## CONCLUSION

In light of the foregoing, Judge Clarke's Findings and Recommendation (ECF No. 23) is ADOPTED in part and this case is remanded for further proceedings.

IT IS SO ORDERED.

Dated this 23 day of February, 2016.

                                                      Michael J. McShane
                                               United States District Judge